IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE A. CAMPOS,

    Plaintiff,                      No. CIV S-00-2340 DFL GGH P

   vs.

GRAY DAVIS, et al.,

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are 1) plaintiff's November 15, 2004 motion for summary judgment to which defendants filed an opposition on February 18, 2005; and 2) defendants' cross-motion for summary judgment, filed on February 18, 2005,[1] to which plaintiff has failed to file any opposition. On March 14, 2005, plaintiff was granted a 45-day extension of time to file his opposition to the cross-motion. On May 17, 2005, plaintiff was re-served with this order to his current address.

        As to his own motion for summary judgment, plaintiff has failed to comply with Local Rule 56-260(a) which requires that "[e]ach motion for summary judgment ...shall be

---

[1] Defendants were granted two extensions of time to file their opposition and cross-motion for summary judgment by orders filed on December 13, 2004 and on February 1, 2005.

1

accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of an pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact." The court will recommend that plaintiff's motion for summary judgment be denied as defective.

As noted, plaintiff has not filed an opposition to defendants' cross- motion. In the order directing service filed February 5, 2003, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 78-230 (m). Defendants' notice of motion also directed plaintiff to Local Rule 78-230 for information regarding summary judgment.

A district court may not grant a motion (or cross-motion) for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendants' cross-motion for summary judgment. In the alternative, the court finds that defendants' cross-motion has merit.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's November 15, 2004 motion for summary judgment be denied and defendants' February 18, 2005 cross-motion for summary judgment be granted and judgment be entered for defendants.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED:   7/5/05

11  /s/ Gregory G. Hollows

12  UNITED STATES MAGISTRATE JUDGE

GGH:009/035
13  camp2340.46